United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————

No. 04-60835
Summary Calendar

————————

WALTER H. GIBBES, JR.; MARGARET S. DOZIER,

Plaintiffs-Appellants,

versus

AMERISTAR CASINO VICKSBURG INC, Etc.; ET AL

Defendants

AMERISTAR CASINO VICKSBURG INC, A Nevada Corporation

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi, Jackson
3:99-CV-911-WS
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

BENAVIDES, Circuit Judge:[*]

Plaintiffs-Appellants Walter H. Gibbes, Jr. ("Gibbes") and

Margaret S. Dozier ("Dozier") filed a complaint in Mississippi

state court on November 22, 1999 alleging Mississippi state law

claims against Defendants Ameristar Casinos, Inc. ("Ameristar"),

Harrah's Vicksburg Corporation ("Harrah's"), Isle of Capri

---

[*]      Pursuant to 5TH CIR. R. 47.5, the Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

1

Casinos, Inc. ("Isle of Capri") and Deposit Guaranty National Bank. Gibbes and Dozier owned interests in real property on the Big Black River, between Vicksburg and Jackson, Mississippi, on which Horseshoe Gaming, Inc. proposed the building of a casino and an associated racetrack. Ameristar, Harrah's and Isle of Capri all had existing casinos in Vicksburg, and they worked together to successfully convince the Mississippi Gaming Commission to deny a license for the proposed casino. Gibbes and Dozier alleged that the actions taken by Ameristar, Harrah's and Isle of Capri to oppose the new casino were tortious under Mississippi law. Gibbes and Dozier asserted that they would have received substantial economic benefits if the Gaming Commission had approved Horseshoe Gaming, Inc.'s application.

After Isle of Capri settled with the Plaintiffs, the remaining Defendants removed this action to the United States District Court for the Southern District of Mississippi.

Gibbes and Dozier brought their claims against the Defendants only after a neighboring landowner, E.L. Pennebaker, Jr. ("Pennebaker"), used the same theory – that it was tortious under Mississippi law for the Defendants to work together to oppose the approval of the proposed Big Black River casino – to win a multi-million dollar jury verdict against Ameristar and Harrah's. While Gibbes and Dozier's suit against the Defendants was pending, Ameristar and Harrah's appealed the judgment that

Pennebaker won against them to the Mississippi Supreme Court.[1]
The Mississippi Supreme Court reversed the judgment against
Ameristar and Harrah's, concluding that the *Noerr-Pennington*[2]
doctrine protected their efforts to lobby the Gaming Commission
to deny the approval of the Big Black River Casino. *Harrah's
Vicksburg Corp. v. Pennebaker*, 812 So. 2d 163 (Miss. 2001).
Accordingly, the court determined that all state law claims
asserted against Ameristar and Harrah's were barred as a matter
of law. *Id*. at 174.

After the Mississippi Supreme Court found in favor of
Ameristar and Harrah's in *Pennebaker*, Neville H. Boschert,
counsel for Ameristar, wrote letters to Wayne Dowdy, counsel for
Gibbes and Dozier, on May 10, 2002 and August 12, 2002,
requesting that he dismiss this action with prejudice. On August
20, 2002, Dowdy responded to Boschert's request by stating that
he intended to proceed with the case.

---

[1] Because Isle of Capri and Deposit Guaranty National Bank settled with the plaintiffs in *Pennebaker*, only Ameristar and Harrah's appealed the trial court judgment in that case to the Mississippi Supreme Court.

[2] The *Noerr-Pennington* doctrine, which is grounded in the First Amendment right to petition the government, provides that parties who petition the government for governmental action favorable to them cannot be prosecuted under the antitrust laws even though their petitions are motivated by anticompetitive intent. The doctrine has its origins in two U.S. Supreme Court cases: *Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961) and *United Mine Workers of America v. Pennington*, 381 U.S. 657 (1965).

On September 20, 2002, Ameristar served, but in accordance with Rule 11 of the Federal Rules of Civil Procedure did not file, a Motion for Sanctions and Award of Attorneys' Fees. Ameristar's Motion was based on the ruling of the Mississippi Supreme Court in *Pennebaker*, which barred state law claims identical to the ones brought by Gibbes and Dozier, as discussed *supra*.

On November 5, 2002, Ameristar and Harrah's filed a Motion for Summary Judgment, which the district court orally granted after hearing argument from counsel on December 10, 2002. On March 26, 2003, the district court entered a Memorandum Opinion and Order and separate Final Judgment in favor of Defendants.

On April 9, 2003, Ameristar filed its Motion for Sanctions and Award of Attorneys' Fees. On September 2, 2004, the district court entered its Memorandum Opinion and Order granting Ameristar's Motion for Sanctions and awarding Ameristar fees and expenses in the amount of $10,089.10.

Gibbes and Dozier appeal only this sanctions ruling. They do not appeal the entry of summary judgment in this case.

### STANDARD OF REVIEW

We review the district court's imposition of sanctions pursuant to Rule 11 for abuse of discretion. *Whitehead v. Food Max of Mississippi, Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003)(en banc).

4

Appellants contend that the district court abused its discretion by sanctioning them, pursuant to Rule 11, for failing to withdraw their complaint in light of the Mississippi Supreme Court's decision in *Pennebaker*. Appellants assert that the district court should not have sanctioned them because Mr. Dowdy, counsel for Gibbes and Dozier, believed that case law supported the position that the federal district court in this case was not bound by the Mississippi Supreme Court's interpretation of the *Noerr-Pennington* doctrine, which is a matter of federal law. The district court found Appellants' contention that the federal courts are not bound by the Mississippi Supreme Court's ruling in *Pennebaker* to be unavailing because it was not supported by existing law. We agree.

A federal court, in the exercise of its diversity jurisdiction, is required to apply the substantive law of the state in which it is sitting. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1937). Thus, the district court in this case of wholly state law claims was bound by the Mississippi Supreme Court's decision in *Pennebaker*. In *Pennebaker*, the Mississippi Supreme Court concluded that claims identical to and based upon the same operative facts as those asserted in the instant action were barred by the *Noerr-Pennington* doctrine as a matter of Mississippi state law. *Pennebaker*, 812 So. 2d at 174.

The district court further found that the doctrine of collateral estoppel applies to preclude the issues in the instant case from being litigated again. The *Pennebaker* court's decision has fully and finally determined that all the issues present in the instant case are barred by the *Noerr-Pennington* doctrine as a matter of Mississippi state law.

In sum, the district court found that it was clear, based on the foregoing principles of law in effect at the time of the *Pennebaker* decision, that the Appellants' legal contentions given as the basis for refusing to dismiss this case were not warranted by existing law. Accordingly, the district court concluded that Appellants' behavior violated Rule 11 and that sanctions were appropriate.

We agree with the district court. Gibbes and Dozier were given ample opportunity to dismiss this case in light of the decision in *Pennebaker* and they refused to do so. This was unreasonable and not supported by any authority. Under these circumstances, we find that the district court did not abuse its discretion by imposing Rule 11 sanctions in the amount of $10,089.10.

## CONCLUSION

For the foregoing reasons, the order of the district court is in all ways AFFIRMED.